UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SCOTTY'S HOLDINGS, LLC, | ) | Case No. 18-09243-JJG-11 |
| | ) | |
| Debtor(s).[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| BREWHOUSE NOBLE WEST, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| A POTS & PANS PRODUCTION, LLC, | ) | Adv. Proc. No. _____ |
| | ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT TO DETERMINE THE OWNERSHIP OF ALCOHOLIC BEVERAGE PERMIT**

Brewhouse Noble West, LLC ("Noble") seeks a declaration of this Court that it is the rightful owner of an alcoholic beverage permit transferred to A Pots & Pans Production, LLC ("Pots") as part of an agreement requiring Pots to transfer the alcoholic beverage permit back to Noble, and states as follows:

**JURISDICTION AND VENUE**

1.  This is a civil proceeding arising under Title 11 of the United States Code (11 U.S.C. §§ 101, *et seq.*) (the "Bankruptcy Code") and/or arising in or related to the case commenced December 11, 2018 (the "Petition Date") by the debtor, Pots, now pending under

---

[1] The Debtors include Scotty's Holdings, LLC, Case No. 18-09243-JJG-11 (the "Lead Case"); A Pots & Pans Production, LLC, Case No. 18-09244-JJG-11; Scotty's Thr3e Wise Men Brewing Company, LLC, Case No. 18-09245-JJG-11; Scotty's Brewhouse, LLC, Case No. 18-09246-JJG-11; Scotty's Brewhouse Bloomington, LLC, Case No. 18-09248-JJG-11; Scotty's Brewhouse West Lafayette, LLC, Case No. 18-09250-JJG-11; Scotty's Indianapolis, LLC, Case No. 18-09251-JJG-11; Scotty's Brewhouse Downtown Indianapolis, LLC, Case No. 18-09252-JJG-11; Scotty's Brewhouse Mishawaka, LLC, Case No. 18-09253-JJG-11; Scotty's Brewhouse Fort Wayne, LLC, Case No. 18-09255-JJG-11; Scotty's Brewhouse Carmel, LLC, Case No. 18-09256-JJG-11; Scotty's Brewhouse Butler, LLC, Case No. 18-09257-JJG-11; and Scotty's Brewhouse Waco, LLC, Case No. 18-09258-JJG-11.

3621567

chapter 11 of the Bankruptcy Code under Case No. 18-09243-JJG-11 (Jointly Administered) (the "Bankruptcy Case").

2. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1334(b), Fed.R.Bankr.P. 7001(2) and (9), and the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 & 2202 (the "Act").

3. Pursuant to 28 U.S.C. § 157(b)(2)(H) and 28 U.S.C. § 157(b)(2)(K), this action is a core proceeding in that Noble brings this Complaint, *inter alia*, to determine the validity, extent, and priority of Noble's interest in property in the Debtor's possession.

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1409.

5. Noble consents to a Final Order or Judgment being entered by the Bankruptcy Judge.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

6. Noble is an Indiana limited liability company with its principal office located in Indiana.

7. Noble has an ownership interest in a restaurant located at 14741 Hazel Dell Crossing, Noblesville, Indiana (the "Restaurant").

8. Prior to being operated as a Scotty's Brewhouse, a Cool River Pizza restaurant was operating at the shopping center where the Restaurant is located.

9. Noble already had control of a three-way Alcoholic Beverage Permit which Noble acquired when it operated Cool River. A copy of the Alcoholic Beverage Permit is attached hereto as **Exhibit A** ("Alcoholic Beverage Permit").

10. On or about February 25, 2015, Noble as owner and Pots as manager entered into a Restaurant Management Agreement for Pots to operate the Restaurant as a Scotty's

Brewhouse. A true and correct copy of the Restaurant Management Agreement is attached hereto as **Exhibit B** (the "Management Agreement").

11. Pots held itself out as a competent manager and operator of the Scotty's Brewhouse Restaurant.

12. From commencement of operations as a Scotty's Brewhouse continuously through termination of the Management Agreement by Pots, Pots operated the Restaurant as a Scotty's Brewhouse.

13. Pursuant to Section 16.04 of the Management Agreement, Noble caused its Type-210-1 Retailer Permit for Beer, Wine and Liquor, Permit No. RR29-31448 to be transferred for no consideration to Pots in order to comply with Indiana Alcohol and Tobacco Commission (the "Commission") regulations with respect to growler sales.

14. Noble owned the Alcoholic Beverage Permit that was transferred to Pots.

15. Noble allowed the Alcoholic Beverage Permit to be transferred to Pots for no consideration as part of the transaction for Pots' management and operation specific to the Restaurant as a Scotty's Brewhouse.

16. Pots accepted transfer of the Alcoholic Beverage Permit in order to operate the Restaurant pursuant to the terms and limitations of the Management Agreement.

17. Pots did not purchase or otherwise pay Noble for the Alcoholic Beverage Permit.

18. Section 16.04 of the Management Agreement requires transfer of the Alcoholic Beverage Permit from Pots back to Noble upon termination of the Management Agreement.

19. Section 16.04 of the Management Agreement prohibits Pots from selling or transferring the Alcoholic Beverage Permit to any third party without the written consent of Noble which consent shall be subject to the sole discretion of Noble.

20. Pots previously recognized the requirement in the Management Agreement to return the Alcoholic Beverage Permit to a Noble related entity when a similar management agreement related to Brewhouse Plainfield was terminated and Pots executed and processed the consent to transfer the alcoholic beverage permit back to the owner on June 15, 2018.

## COUNT I – BREACH OF CONTRACT

21. In the Management Agreement, Pots admitted that Noble was the rightful owner of the Alcoholic Beverage Permit and assumed various duties under the Management Agreement in order to operate the Restaurant, including the duty to return the Alcoholic Beverage Permit at expiration or termination of the Management Agreement.

## COUNT II - BAILMENT

22. An express agreement existed between Pots and Noble by which Pots was entrusted with the Alcoholic Beverage Permit to use for the operation of a Scotty's Brewhouse specific to the Restaurant. Upon termination of the Management Agreement, the Alcoholic Beverage Permit was required to be returned to Noble.

23. A bailment for the benefit of Pots exists with Noble as the bailor and Pots as the bailee.

24. Pots is required to return the Alcoholic Beverage Permit to Noble.

## COUNT III – UNJUST ENRICHMENT

25. By causing the Alcoholic Beverage Permit to be transferred to Pots, Noble conferred a measurable benefit on Pots.

26. Pots' retention of the Alcoholic Beverage Permit under the circumstances of this case is unconscionable and contrary to the fundamental principles of justice and equity and would unjustly enrich Pots in a manner that neither party intended.

27. In basic fairness and equity, the Court should order Pots to transfer Noble's Alcoholic Beverage Permit back to Noble to prevent unjust enrichment to Pots and gross injustice to Noble.

WHEREFORE, Brewhouse Noble West, LLC respectfully requests a declaratory judgment of this Court to the effect that the Alcoholic Beverage Permit belongs to Brewhouse Noble West, LLC and that A Pots & Pans Production, LLC has no valid property interest in the Alcoholic Beverage Permit and an Order of this Court requiring A Pots & Pans Production, LLC to take all necessary actions with the Commission to transfer the Alcoholic Beverage Permit back to Brewhouse Noble West, LLC and for all other relief appropriate in the premises.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746(2) that the foregoing factual statements are true and correct to the best of my knowledge and belief and that the document attached hereto as **Exhibit B** is a true, correct and authentic copy of the Management Agreement referenced above.

Dated: April 17, 2019          _____

Dated: April 17, 2019          Respectfully submitted,

_____
David J. Jurkiewicz
Attorney No. 18018-53
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 (facsimile)
djurkiewicz@boselaw.com

*Attorneys for Brewhouse Noble West, LLC*